**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------- x

AMERICAN CIVIL LIBERTIES UNION; and
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION,

                      Plaintiffs,

      v.

U.S. DEPARTMENT OF HOMELAND
SECURITY; and
U.S. IMMIGRATION AND CUSTOMS
ENFORCEMENT,

                  Defendants.
-------------------------------------------------------------- x



ECF Case

No. 11 Civ. 3786 (RMB)

**MEMO ENDORSED**
*As Modified*

**STIPULATION AND ORDER OF SETTLEMENT AND PARTIAL DISMISSAL**

        Plaintiffs American Civil Liberties Union ("ACLU") and American Civil Liberties

Union Foundation (collectively, "ACLU" or "Plaintiffs"), and defendants, the U.S. Department

of Homeland Security and U.S. Immigration and Customs Enforcement (collectively, "ICE" or

"Defendants"), hereby stipulate to the following settlement and partial dismissal regarding

Plaintiffs' three Freedom of Information Act ("FOIA") requests, dated January 13, 2009 (the

"First FOIA Request," *see* Exh. A to the Compl.); September 21, 2010 (the "Second FOIA

Request," *see* Exh. L to Compl.); and September 21, 2010 (the "Third FOIA Request," *see* Exh.

T to the Compl.) (collectively, the "Three FOIA Requests"), and which are the subject of the

above-captioned action.

        WHEREAS, Plaintiffs submitted their First FOIA Request on January 13, 2009, and

their Second and Third FOIA Requests on September 21, 2010, on behalf of ACLU and the

ACLU Foundation;

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/6/12

WHEREAS, ICE responded to the First FOIA Request on September 30, 2009, producing approximately 742 pages and two excel files, and ACLU disputed the sufficiency of this response, as set forth in its complaint (*see* Compl. ¶¶ 6, 34-44);

WHEREAS, in response to the Second FOIA Request, ICE sought, via a letter dated February 4, 2012, additional information before it could fulfill this request, and ACLU disputed that additional information was needed (*see* Compl. ¶¶ 45-50);

WHEREAS, ICE responded to the Third FOIA Request by producing documents on March 4, 2011 and April 26, 2011, and ACLU disputed the sufficiency of these responses, as set forth in its complaint (*see* Compl. ¶¶ 51-80);

WHEREAS, Plaintiffs filed a FOIA complaint regarding the Three FOIA Requests (the "Complaint") on June 3, 2011;

WHEREAS, since the date of the filing of the Complaint, the parties have engaged in extensive negotiations in an effort to narrow the breadth of the three FOIA Requests and address Defendants' data privacy concerns;

WHEREAS, the parties have streamlined and narrowed the three FOIA Requests by negotiating new requests (the "New Requests"), which are set forth in an attachment to this Stipulation as Exhibit A;

WHEREAS, all issues in this case have been resolved, except for a legal dispute arising from the assertion of certain FOIA exemptions in documents responsive to New Request No. 2, which will require resolution of cross-motions for summary judgment before any production can commence regarding those documents;

2

WHEREAS, the Parties have otherwise agreed to resolve this matter upon the terms and subject to the conditions set forth in this agreement concerning the three FOIA Requests without further litigation;

**NOW THEREFORE, IT IS HEREBY AGREED AMONGST THE PARTIES AS FOLLOWS:**

1.     Plaintiffs' Three FOIA Requests are hereby superseded by the New Requests attached to this agreement at Exhibit A, and the Three FOIA Requests are withdrawn in their entirety.

2.     Exhibit A is a fully integrated and binding part of this Stipulation.

3.     With the exception of New Request No. 2, within 60 days of the date that this Stipulation and Order is entered by the Court, Defendants will produce directly to Plaintiffs the information contained in the data fields detailed in the New Requests, attached hereto as Exhibit A (the "Production"). The Production shall reflect all data contained within the ICE Integrated Decision Support System (IIDS), as limited by the parameters detailed in Exhibit A.

4.     The Parties understand and agree that all data in the Defendants' Production was originally entered into Defendants' database systems by ICE officials for purposes of enforcing the nation's immigration laws. Defendants do not warrant the accuracy or integrity of the underlying data in the Production. Defendants represent only that they will produce the information contained in the data fields detailed in Exhibit A as that data is maintained in ICE's ordinary course of business, and subject to the comments and explanatory notes contained in Exhibit A, which are incorporated into this agreement. Plaintiffs further agree that Defendants may redact any personally identifiable information that may be generated by the data called for in the Production.

5.      With the exception of New Request No. 2, the Parties agree that, in exchange for Defendants' performance of paragraphs 3-4 herein, Plaintiffs hereby dismiss with prejudice any and all claims they now have or may hereafter acquire against ICE, the United States of America ("United States"), and any department, agency, officer, or employee of ICE and/or the United States, arising out of the Complaint, the Three FOIA Requests, or any subsequent FOIA request seeking the records already sought by the Three FOIA Requests or the Complaint. This partial dismissal with prejudice shall occur upon the Court's entry of this proposed Order.

6.      The Parties agree that New Request No. 2 shall not be dismissed at this time, but shall be addressed on cross-motions for summary judgment, as follows:

- Within a reasonable time after entry of this Stipulation and Order, Defendants shall produce to Plaintiffs one (1) sample redacted Post Order Custody Review ("POCR") file, and an accompanying declaration and *Vaughn* index for the sample file (collectively the "Declaration"), detailing the representative types of FOIA exemptions it would claim over all such POCR documents called for by New Request No. 2 in Exhibit A.

- Plaintiffs shall review the Declaration. After conferring with Defendants, Plaintiffs shall notify the Court, via letter, of the potential FOIA exemptions to be contested $RMB$ conference and (if any) by cross-motions for summary judgment, and shall provide a proposed summary judgment schedule agreed to by the Parties.

- If the Government prevails on summary judgment, no documents will be produced. If Plaintiffs prevail on their motion for summary judgment, or obtain partial summary judgment, the Parties have agreed to meet and confer to determine whether any further production is warranted, and if so, the size of scope of the

4

production to be made, as governed by the Court's ruling on the exemptions at issue in the summary judgment motion. Following any order for production, the Government reserves its right to assert additional defenses including, but not limited to, a defense that the scope and size of the production requested by Plaintiffs is unduly burdensome.

- After a reasonable time, the Parties shall have the right to petition the Court if a mutual resolution of any production issues regarding New Request No. 2 are not resolved by the meet and confer process. When the parties are satisfied that all of the outstanding items from New Request No. 2 are resolved, and any required production is complete, they will jointly file a stipulation of dismissal in this action, to be entered by the Court.

7.     The Parties understand and agree that this Stipulation and Order of Settlement and Partial Dismissal and attached Exhibit A contains the entire agreement between them, and that no statements, representations, promises, agreements, or negotiations, oral or otherwise, between the Parties or their counsel that are not included herein shall be of any force or effect.

8.     The Parties understand and agree that upon entry of this Stipulation and Order by the Court, each party releases the other with respect to all costs and attorney's fees, and each side shall bear its own fees, expenses and costs associated with this litigation.

9.     This Court ~~shall~~ may retain jurisdiction to adjudicate any dispute arising from the performance of this Stipulation and Order.                    R MB

10.    The below-signed counsel are authorized to enter into this Stipulation and Order on behalf of their respective clients.                    R MB

11. The parties may utilize the services of the Magistrate Judge to facilitate resolution of issues.

5

Dated:    New York, New York
          September 5, 2012

Respectfully submitted,

PREET BHARARA
United States Attorney for the
Southern District of New York
*Attorney for Defendants*

By: _____

LOUIS A. PELLEGRINO
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Telephone: (212) 637-2689
Facsimile: (212) 637-2686
E-mail: louis.pellegrino@usdoj.gov

Dated:    New York, New York
          September 5, 2012

**FRIED, FRANK, HARRIS,**
**SHRIVER & JACOBSON LLP**

_____

RICHARD G. LELAND
JENNIFER L. COLYER
One New York Plaza
New York, NY 10004
Telephone: (212) 859-8000
Facsimile: (212) 859-4000

**AMERICAN CIVIL LIBERTIES UNION**
**FOUNDATION**
JUDY RABINOVITZ
125 Broad Street
18th Floor
New York, NY 10004
Telephone: (212) 549-2660
Facsimile: (212) 549-2654

6

MICHAEL TAN*
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 343-0779
Facsimile: (415) 305-0950

*Admitted in New York

**NEW YORK CIVIL LIBERTIES FOUNDATION**
UDI OFER
125 Broad Street, 19th Floor
New York, NY 10004-2400
Telephone:  (212) 607-3300
Facsimile: (212) 607-3318

*Attorneys for Plaintiffs*

SO ORDERED.

Dated:   New York, New York
         September 6, 2012

_____
RICHARD M. BERMAN, U.S.D.J.

# Exhibit A

**EXHIBIT A: NEW FOIA REQUESTS**

## ACLU v. DEPARTMENT OF HOMELAND SECURITY, No. 11-cv-3786 (S.D.N.Y.)

NEW REQUEST NO. 1—Plaintiff requests information regarding detainees held in ICE custody six months or longer as of the first Monday of every month from January 1, 2011 to January 1, 2012.

As reflected by the metrics listed below, ICE will produce a spreadsheet that will reflect aliens detained for 180 days or longer as of the first Monday for each month from January 1, 2011 to January 1, 2012.

Each month will be its own sheet within the spreadsheet and each row will correspond to a unique individual. The rows in the sheets will not correspond or carry over from month to month throughout the spreadsheet.

| | Data Sought by the ACLU | Corresponding ICE Data Field Identifiers | Comments Regarding Information Provided |
|---|---|---|---|
| 1. | Nationality | Citizenship | ICE will provide the information as entered by the ICE officer for the detainee. This information could be reflected by unknown (UKN) if the officer did not know it at the time of entry or the individual was state-less. |
| 2. | Sex | Gender | |
| 3. | Detention Facility | Detention Facility | ICE will identify the detention facility where the alien was held on the date at issue (and NOT the date of data extraction). |
| 4. | Length of detention | Book-in date | ICE will provide the date when the detainee was booked into ICE custody for his current period of detention. |
| 5. | Immigration and Nationality Act ("INA") | Charge Section | Charge section is a drop down field. If more than |

**EXHIBIT A:  NEW FOIA REQUESTS**

### <u>ACLU v. DEPARTMENT OF HOMELAND SECURITY</u>, No. 11-cv-3786 (S.D.N.Y.)

|     | Charge |     | one charge could be sustained against an individual it is not required that the officer enter all of those charges.  ICE will provide the charge(s) that were selected from the drop down field. |
| --- | --- | --- | --- |
| 6. | INA Charge Description | Charge Description |     |
| 7. | The statutory basis for his[1] detention on the date at issue (i.e. INA 235, 236(a), 236(c), 241). | Charge | The following charges will be provided to the extent they apply:<br><br>236(a) – Non Mandatory Detention<br>236(c) – Mandatory Detention<br>241 - POCR<br>235 – Expedited Removal |
| 8. | Whether the detainee's removal case was pending before the Immigration Judge on the date at issue. | Case Category | The following case categories will be provided to the extent they apply:<br><br>2A Deportable – Under Adjudication by IJ<br><br>8B Excludable/Inadmissible – Under Adjudication by IJ |
| 9. | Whether the detainee's removal case was pending before the Board of Immigration Appeals (BIA) on the date at issue. | Case Category | The following case categories will be provided to the extent they apply:<br><br>2B – Deportable – Under Adjudication by BIA<br>8D Excludable/Inadmissible Under Adjudication by BIA |
| 10. | Whether the detainee's removal case was pending before a Court of Appeals on the date at issue. | Case Action and Decision | Non-mandatory field.<br><br>If there is no data, ICE will leave this field blank. |

---

[1]. All references to "he," "his" and "him" shall be read as "she," "hers" and "her," as appropriate.

**EXHIBIT A: NEW FOIA REQUESTS**

**ACLU v. DEPARTMENT OF HOMELAND SECURITY, No. 11-cv-3786 (S.D.N.Y.)**

| | | | |
|---|---|---|---|
| 11. | Whether the detainee's removal case was pending before the Immigration Judge or Board of Immigration Appeals on remand on the date at issue. | Case Action and Decision | Non-mandatory field.<br><br>If there is no data, ICE will leave this field blank. |
| 12. | Whether the detainee currently has an administratively final order of removal. | Final Order Yes No | ICE will respond YES if the detainee currently has a final order of removal issued by the BIA. This includes final orders by the BIA that are on appeal to a federal court of appeals or stayed by a federal court.<br><br>ICE will respond YES if the detainee currently has a final order of removal issued by the Immigration Judge that he has not appealed to the BIA.<br><br>ICE will respond NO if the detainee currently has no final order from an Immigration Judge or the BIA.<br><br>ICE will respond NO if the detainee currently has a final order from an Immigration Judge that he has appealed to the BIA. |
| 13. | Date when the detainee's final order of removal was issued, if any. | Final Order Date | ICE will provide the date when the final order of removal was issued by the Immigration Judge or the BIA.<br><br>If the detainee has no final order, ICE will leave this field blank. |

## EXHIBIT A: NEW FOIA REQUESTS

### ACLU v. DEPARTMENT OF HOMELAND SECURITY, No. 11-cv-3786 (S.D.N.Y.)

| | | | |
|---|---|---|---|
| 14. | Whether the detainee's final order of removal is currently stayed by a federal court order. | Final Order Executable; Case Action and Decision; Final Order Not Executable Reason; Final Order Not Exec Other Reason; Case Action and Decision Date; Case Action (Stay by Court) | These fields are not mandatory.  To the extent these fields are populated, ICE will provide all available data contained therein. |
| 15. | Date when the judicial stay of the detainee's removal order was entered, if any. | Final Order Executable; Case Action and Decision; Final Order Not Executable Reason; Final Order Not Exec Other Reason; Case Action and Decision Date; Case Action (Stay by Court) | These fields are not mandatory.  To the extent these fields are populated, ICE will provide all available data contained therein. |

4

**EXHIBIT A: NEW FOIA REQUESTS**

### ACLU v. DEPARTMENT OF HOMELAND SECURITY, No. 11-cv-3786 (S.D.N.Y.)

NEW REQUEST NO. 2—Post Order Custody Review (POCR) Documents. The Plaintiffs have sought the following documents:

- 90-day POCR notice (e.g., "Notice of Custody Review")
- 90-day POCR decision (e.g., "Decision to Continue Detention")
- 180-day POCR notice (e.g., "Notice of Custody Review")
- 180-day POCR decision (e.g., "Decision to Continue Detention")
- Any other POCR notices, decisions
- POCR worksheet
- Notice of Failure to Comply

In response to this request, a threshold issue has arisen over the extent to which these documents should be redacted. The Government maintains that the Freedom of Information Act and Privacy Act require extensive redactions to these documents. Plaintiffs disagree. Before any production, Plaintiffs contemplate filing for summary judgment on this point pursuant to paragraph 6 of the Stipulation and Order. If the Government prevails on summary judgment, no documents will be produced. If the Plaintiffs prevail on summary judgment, or obtain partial summary judgment, the parties have agreed to meet and confer to determine whether any further production is warranted, and if so, the size and scope of the production to be made under this request.

The parties have further agreed that:

(1) Pursuant to the attached Stipulation and Order, ICE will produce one (1) responsive POCR "file" and a Declaration explaining the typical redactions and exemptions asserted. Thereafter, Plaintiffs will move for summary judgment based on the exemptions asserted by ICE, and the Parties will be guided by the Court's decision on ICE's exemptions, subject to the Government's reservations of rights in paragraph 6 of the Stipulation and Order.

(2) To the extent that Plaintiffs prevail in whole or part on their motion for summary judgment, and Plaintiffs request that the Government produce documents in accordance with the Court's decision on summary judgment, ICE will produce an anonymized sampling of documents derived from data in the production in New Request No. 1 (but this sampling production will be randomly selected and will not identifiably correlate with spreadsheet data produced for New Request No. 1) and New Request No. 3 (same caveat).

(3) The parties agree that the size of any future production under this heading cannot be determined until after the legal questions in the summary judgment motion have been resolved. Depending upon the size of the agreed upon sample, and because a

**EXHIBIT A: NEW FOIA REQUESTS**

## <u>ACLU v. DEPARTMENT OF HOMELAND SECURITY</u>, No. 11-cv-3786 (S.D.N.Y.)

manual review of documents would be required, the Government estimates that a large production could take up to six months or more. The parties will work together to agree upon a production sample size. If an impasse is reached, Plaintiffs (upon reasonable notice to the Defendants) may notify the Court to obtain a resolution. The Government, in turn, reserves its right to assert additional defenses, including that the scope and size of the production is unduly burdensome.

**EXHIBIT A: NEW FOIA REQUESTS**

## ACLU v. DEPARTMENT OF HOMELAND SECURITY, No. 11-cv-3786 (S.D.N.Y.)

NEW REQUEST NO. 3—Information Regarding Any Detainee Who Was Held Six Months or Longer and Who Was Released

As reflected by the metrics listed below, ICE will produce a spreadsheet with the following information for each detainee:

- for whom 180 days or more elapsed between a Book In Date and Book Out Date;
- whose Book Out Date was in FY 2009, FY 2010, or FY 2011; and
- who was released on that Book Out Date because he was held to be non-removable or obtained relief from removal in his removal case.

Each spreadsheet row will correspond to a unique individual.

| | Data Sought by the ACLU | Corresponding ICE Data Field Identifiers | Comments Regarding Information Provided |
|---|---|---|---|
| 1. | Nationality | Citizenship | ICE will provide the information as entered by the ICE officer for the detainee. This information could be reflected by unknown (UKN) if the officer did not know it at the time of entry or the individual was state-less. |
| 2. | Sex | Gender | |
| 3. | Detention Facilities | Detention Facility | ICE will identify all the detention facilities where the detainee was held during the period of ICE detention from which he was released because he subsequently was held to be non-removable or obtained relief from removal in his removal case.<br><br>ICE will specifically identify which detention facility the alien was held when initially booked into ICE custody (Book In Date or Initial Book In Date) and which detention facility where he was held on his Book Out Date. |

## EXHIBIT A: NEW FOIA REQUESTS

### ACLU v. DEPARTMENT OF HOMELAND SECURITY, No. 11-cv-3786 (S.D.N.Y.)

| 4. | INA Charge | Charge Section | Charge section is a drop down field. If more than one charge could be sustained against an individual it is not required that the officer enter all of those charges. ICE will provide the charge(s) that were selected from the drop down field. |
|---|---|---|---|
| 5. | INA Charge Description | Charge Description | |
| 6. | The statutory basis for detention (i.e. INA 235, 236(a), 236(c), 241). | Charge | The following charges will be provided to the extent they apply:<br><br>236(a) – Non Mandatory Detention<br>236(c) – Mandatory Detention<br>241 - POCR<br>235 – Expedited Removal |
| 7. | Length of detention | Book-in date | ICE will provide the date when the detainee was booked into ICE custody from which he subsequently was released because he was held to be non-removable or obtained relief from removal in his removal case. |
| 8. | Length of detention | Book out date | ICE will provide the date when the detainee was booked out of ICE custody from which he subsequently was released because he was held to be non-removable or obtained relief from removal in his removal case.<br><br>*i.e.*, this is NOT the date a detainee was booked-out of a detention facility and/or an area of responsibility and transferred to another immigration detention facility. |
| 9. | Whether the detainee had an administratively final | Final Order | ICE will provide Yes or No from this field. |

8

<u>ACLU v. DEPARTMENT OF HOMELAND SECURITY</u>, No. 11-cv-3786 (S.D.N.Y.)

| | | | |
|---|---|---|---|
| | order of removal. | | |
| 10. | Date when the detainee's administratively final order of removal was issued. | Final order date | ICE will provide the date when the final order of removal was issued by the Immigration Judge or the BIA. |
| 11. | Whether the detainee's administratively final order of removal was stayed by a federal court. | Final Order Executable; Case Action and Decision; Final Order Not Executable Reason; Final Order Not Exec Other Reason; Case Action and Decision Date; Case Action (Stay by Court) | These fields are not mandatory.  To the extent these fields are populated, ICE will provide all available data contained therein. |
| 12 | Date when the judicial stay of the detainee's removal order was entered, if any. | Final Order Executable; Case Action and Decision; Final Order Not Executable Reason; Final Order Not Exec Other Reason; Case Action and Decision Date; Case Action (Stay by Court) | These fields are not mandatory.   To the extent these fields are populated, ICE will provide all available data contained therein. |
| 13 | Date when the | Case Action and | This is <u>a non-mandatory</u> field.  It depends upon an officer entering |

**EXHIBIT A:  NEW FOIA REQUESTS**

<u>**ACLU v. DEPARTMENT OF HOMELAND SECURITY,**</u> **No. 11-cv-3786 (S.D.N.Y.)**

|  |  |  |  |
|---|---|---|---|
|  | judicial stay of the detainee's removal order was lifted, if any. | Decision | the information correctly when a stay was entered. |
| 14 | Reason for their release | Release Reason | This is a mandatory drop down field where a release reason has to be entered and will be provided. |

**EXHIBIT A: NEW FOIA REQUESTS**

## ACLU v. DEPARTMENT OF HOMELAND SECURITY, No. 11-cv-3786 (S.D.N.Y.)

NEW REQUEST NO. 4— As reflected by the metrics listed below, ICE will produce a spreadsheet with the following information for all detainees held for six months or longer by ICE/INS after entry of a final order of removal in FY 2009, FY 2010, or FY 2011. *i.e.*,:

- all detainees for whom 180 or more days elapsed between a Final Order Date and Book Out Date, and whose Book Out Date occurred in FY 2009, FY 2010, or FY 2011; or
- all detainees for whom 180 or more days elapsed between a Final Order Date( the reinstatement of a final order where the final order is before a book in date) and Book Out Date whose Book Out Date occurred in FY 2009, FY 2010, or FY 2011; or
- all detainees for whom 180 or more days elapsed between a Final Order Date and the date the data was extracted, and who were still in ICE custody on the date of data extraction (i.e., whose status on the date of data extraction was "Detained").

Each spreadsheet row will correspond to a unique individual.

*ICE will also provide the case category to identify reinstatements.  This will help identify situations when there is a final order date that is older than the Book-In date.

|  | Data Sought by the ACLU | Corresponding ICE Data Field Identifiers | Comments Regarding Information Provided |  |
|---|---|---|---|---|
| 1. | Nationality | Citizenship | ICE will provide the information as entered by the ICE officer for the detainee.  This information could be reflected by unknown (UKN) if the officer did not know it at the time of entry or the individual was state-less. |  |
| 2. | Sex | Gender |  |  |
| 3. | Whether the detainee was released from detention, or continued to be in detention as of the date of extraction. | Bookout Date (if null, currently in detention) | ICE will provide a "Detained" or "Non-detained" response. |  |

**EXHIBIT A:  NEW FOIA REQUESTS**

**ACLU v. DEPARTMENT OF HOMELAND SECURITY, No. 11-cv-3786 (S.D.N.Y.)**

| | | | |
|---|---|---|---|
| 4. | Date when the detainee's administratively final order of removal was issued. | Final order date | ICE will provide the date when the detainee's final order of removal was issued by the Immigration Judge or the BIA. |
| 5. | Whether the detainee's final order of removal was stayed by a federal court. | Final Order Executable; Case Action and Decision; Final Order Not Executable Reason; Final Order Not Exec Other Reason; Case Action and Decision Date; Case Action (Stay by Court) | These fields are not mandatory.  The information provided reflects current data.  To the extent these fields are populated, ICE will provide all available data contained therein. |
| 6. | Date when the judicial stay of the detainee's removal order(s) was entered, if any. | Final Order Executable; Case Action and Decision; Final Order Not Executable Reason; Final Order Not Exec Other Reason; Case Action and Decision Date; Case Action (Stay by Court) | These fields are not mandatory.   To the extent these fields are populated, ICE will provide all available data contained therein. |
| 7. | Date when the judicial stay of the detainee's removal order(s) was lifted, if any. | Case Action and Decision | This is a non-mandatory field.  It depends upon an officer entering the information correctly when a stay was entered. |

**EXHIBIT A: NEW FOIA REQUESTS**

**ACLU v. DEPARTMENT OF HOMELAND SECURITY, No. 11-cv-3786 (S.D.N.Y.)**

| 8. | Detention Facilities | Detention Facility | ICE will identify all the detention facilities where the detainee was held during the period of ICE custody at issue.<br><br>ICE will specifically identify the detention facility in which the alien was held when initially booked into ICE custody (Book In Date or Initial Book In Date) and the detention facility in which he was held on his Book Out Date or on the date of data extraction. |
|---|---|---|---|
| 9. | Length of detention | Book-in date | ICE will provide the date when the detainee was booked into ICE custody for the period of ICE custody at issue. |
| 10. | Length of detention | Book out date | ICE will provide the date when the detainee was booked out of the period of ICE custody at issue. *i.e.*, this is NOT the date a detainee was booked-out of a detention facility and/or an area of responsibility and transferred to another immigration detention facility. |
| 11. | If the detainee was released from detention, the reason for the release. | Release Reason | This is a mandatory field. ICE will identify whether:<br><br>1. the detainee was released for removal from the United States;<br><br>2. the detainee was released because his removal was not significantly likely in the reasonably foreseeable future; |

13

**EXHIBIT A: NEW FOIA REQUESTS**

## ACLU v. DEPARTMENT OF HOMELAND SECURITY, No. 11-cv-3786 (S.D.N.Y.)

| | | | |
|---|---|---|---|
| | | | 3. the detainee was found to be neither a flight risk nor a danger; or<br><br>4. any other reason for the detainee's release. |
| 12. | Whether the detainee was released after filing a petition for a writ of habeas corpus. | | This information will be illustrated in Request No 3 metric numbers 13 and 14 |
| 13. | If the detainee was released into the U.S. (i.e., not removed), whether the detainee was subsequently removed from the U.S. | | This information will be illustrated in Request No 3 metric numbers 13 and 14 |
| 14. | The date of removal for any detainee released into the U.S and subsequently removed from the U.S. | | This information will be illustrated in Request No 3 metric numbers 13 and 14 |