UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x
AMERICAN CIVIL LIBERTIES UNION; and
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION,

                Plaintiffs,

        v.

U.S. DEPARTMENT OF HOMELAND
SECURITY; and
U.S. IMMIGRATION AND CUSTOMS
ENFORCEMENT,

                Defendants.
------------------------------------------------------------- x

ECF Case

No. 11 Civ. 3786 (RMB)

## AMENDED DECLARATION OF RYAN LAW[1]

Pursuant to 28 U.S.C. § 1746, I, Ryan Law, declare as follows:

### I.    INTRODUCTION

1. I am the Deputy FOIA Officer of the Freedom of Information Act ("FOIA") Office at U.S. Immigration and Customs Enforcement ("ICE") within the Department of Homeland Security ("DHS"). I have held this position since May 9, 2010. Prior to this, I was a Paralegal Specialist and Senior Paralegal Specialist within the ICE FOIA Office beginning in February 2007. Prior to my employment with ICE, I was a FOIA Specialist within the Transportation Security Administration's FOIA Office beginning in September 2005.

---

[1] This declaration is provided for the parties' summary judgment motions. It supersedes the original declaration of Ryan Law, dated October 9, 2012, which was produced to plaintiffs for discussions held pursuant to paragraph 6 of the Stipulation and Order of Settlement and Partial Dismissal entered by the court (at docket item no. 21).

2. The ICE FOIA Office is responsible for the receipt, processing, and response to all Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and Privacy Act, 5 U.S.C. § 552a, requests received at ICE.

3. As the Deputy FOIA Officer, my official duties and responsibilities include the general management, oversight, and supervision of the ICE FOIA Office. I supervise a staff of forty (40) employees in six work units, located in Washington, DC and Orlando, FL, who are responsible for the day-to-day receipt and processing of FOIA and Privacy Act requests received at ICE. The ICE FOIA Office has 28 Paralegal Specialists and Student Interns who process FOIA requests received by ICE.

4. The statements contained in this declaration are made to the best of my knowledge and belief, and are based upon my personal knowledge, my review of documents kept by ICE in the ordinary course of business, and information provided to me by other ICE employees in the course of my official duties.

5. In connection with my official duties, I am familiar with ICE's procedures for responding to requests for information pursuant to the provisions of FOIA and the Privacy Act. Specifically, I am familiar with ICE's processing of the FOIA request at issue in this litigation.

## II. ICE'S PROCESSING OF PLAINTIFF'S FOIA REQUEST

6. Plaintiffs filed a FOIA complaint (the "Complaint") on June 3, 2011.

7. The parties entered settlement negotiations. On September 6, 2012, the Court entered a proposed Stipulation and Order of Settlement and Partial Dismissal (the "Stipulation"). Among other things, the Stipulation superseded the Complaint by negotiating four "New Requests." Stipulation ¶ 1. With the exception of New Request No. 2, this

2

litigation will be resolved by ICE's data production contemplated by the Stipulation. *See id.*, ¶ 3.

    8. My declaration, therefore, is limited in scope to New Request No. 2. The parties agreed that New Request No. 2 would be resolved by cross-motions for summary judgment, and that ICE would furnish a declaration to initiate that process:

> Within a reasonable time after entry of this Stipulation and Order, Defendants shall produce to Plaintiffs one (1) sample redacted Post Order Custody Review ("POCR") file, and an accompanying declaration and *Vaughn* index for the sample file (collectively the "Declaration"), detailing the representative types of FOIA exemptions it would claim over all such POCR documents called for by New Request No.2 in Exhibit A.

*See* Stipulation, ¶ 6.

    9. Accordingly, attached hereto as <u>Exhibit A</u> is a true and correct copy of ICE's production to Plaintiffs of one (1) individual's sample redacted POCR "file," along with an attached explanatory cover letter provided to the Court on January 7, 2013, for purposes of the parties' proposed summary judgment motions. As set forth in the accompanying *Vaughn* Index,[2] the POCR file in <u>Exhibit A</u> has been redacted pursuant to FOIA Exemptions 5 U.S.C. § 552(b)(5), (b)(6), (b)(7)(C), and (b)(7)(E). *See infra*, and *Vaughn* Index at <u>Exhibit B</u>.

### III. DESCRIPTION OF ICE'S PRODUCTION

    10. As stated, ICE's Office of Enforcement and Removal Operations (ERO) produced a representative sample of one (1) individual's POCR "file" consisting of 22 pages of responsive records.[3] <u>Exh. A</u>.

---

[2] *See Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977 (1974).

[3] While the sample at Exhibit A is intended to be representative, the actual size of each individual's POCR "file" (*i.e.*, the number of pages) will vary depending upon an individual's

11. After processing the responsive records, ICE determined that portions of the documents were exempt from release pursuant to FOIA Exemptions 5, 6, 7(C), and 7(E). These exempt portions of the document were redacted, and the redactions were marked with the applicable exemptions. *See* Exh's A & B.

## IV. DESCRIPTION OF ICE'S WITHHOLDINGS

### A. FOIA Exemption 5

12. FOIA Exemption 5, 5 U.S.C. § 522(b)(5), permits the withholding of inter- or intra-agency documents that are normally privileged in the civil discovery context. ICE asserted this exemption over documents containing information that is covered by the deliberative process, attorney-client, and attorney work product privileges.

13. The deliberative process privilege protects the integrity of the deliberative or decision-making processes within the agency by exempting from mandatory disclosure opinions, conclusions, and recommendations included within inter-agency or intra-agency memoranda or letters. The release of this internal information would discourage the expression of candid opinions and inhibit the free and frank exchange of information among agency personnel. The integrity of the government's deliberative process, not just the documents themselves, is protected by this privilege. In that regard, disclosing the individual comments made by agency employees can curtail the free exchange of information between agency employees. The deliberative process also applies to memoranda insofar as they record the personal opinions expressed by the employees.

---

immigration history. The parties reserved their rights to challenge the future production of these materials on the grounds that the scope and size of the production requested by Plaintiffs is unduly burdensome. *See* Stipulation, ¶ 6.

14. Under this exemption, as set forth in the *Vaughn* Index attached as Exh. B, ICE withheld documents that consist of inter- and intra- agency correspondence and communications of a pre-decisional nature concerning investigative techniques and procedures. Such communications include the proposed follow-up actions to be taken with respect to an alien's removal case, discussions and reviews of the file review, the evaluating questions regarding the alien's employability and ties to the United States, file notes regarding agency attempts to get travel documents, Officer comments and analysis along with Officer recommendations regarding continued detention. Additionally, an individual's POCR "file" may contain recommendations from ICE's Office of the Principal Legal Advisor.

15. Furthermore, these personal opinions of government employees were relied upon by ICE in determining the methods and procedures used in reviewing the alien's POCR "file." The portions of the documents that reflect such opinions thus are both pre-decisional and deliberative. Moreover, disclosure of such opinions would have the exact effect that recognition of the deliberative process privilege is supposed to prevent — making ICE and other government employees less willing to participate candidly in future case reviews, out of concern that their personal opinions might be publically disseminated.

16. While the particular sample provided in Exhibit A did not contain attorney-client privileged information, an individual's POCR "file" could contain such information. The attorney-client privilege protects confidential communications between an attorney and his client relating to a legal matter for which the client has sought professional advice. It applies to facts divulged by a client to his attorney, and encompasses any opinions given by an attorney to his client based upon, and thus reflecting, those facts, as well as

communications between attorneys that reflect client-supplied information. The attorney-client privilege is not limited to protecting documents created in anticipation of litigation.

17. Under this exemption, as set forth in the *Vaughn* Index attached as <u>Exh. B</u>, ICE could withhold portions of documents containing communications or reviews intended for distribution between ICE attorneys and ICE employees. These communications or reviews would consist of the attorney or employee providing a candid opinion of the likelihood of successfully removing the alien or the evaluation of custody status for the purpose of seeking or rendering legal advice and counsel rendering advice.· Each of these withheld portions of documents would also be covered by the deliberative process privilege since they would consist of correspondence and communications of a pre-decisional nature in preparation for the removal, or possible continued detention, of the alien.

18. While the particular sample provided in <u>Exhibit A</u> did not contain attorney-work product information, an individual's POCR "file" could contain such information. <u>The attorney work product doctrine</u> protects documents and other memoranda prepared by or at the direction of an attorney or group of attorneys in contemplation of litigation. The work product doctrine does not distinguish between factual and deliberative material.

19. Under this exemption, as set forth in the *Vaughn* Index attached as <u>Exh. B</u>, ICE could withhold portions of documents containing communications between ICE attorneys and other ICE employees regarding specific legal strategies and recommendations towards ongoing removal efforts in compliance with an order issued in judicial proceeding. Each of these withheld portions of documents would also be covered by the deliberative

process privilege since they would consist of correspondence and communications of a pre-decisional nature in preparation of implementation of an official ICE policy.

**B.      FOIA Exemption 6 and 7(C)**

20.    FOIA Exemption 6, 5 U.S.C. § 552(b)(6), permits the withholding of identifying portions of the POCR file, the release of which would constitute a clearly unwarranted invasion of personal privacy. Documents that apply to or describe a particular individual, including investigative records, qualify as "personnel," "medical," or "similar files" under Exemption 6. When applying this exemption, the agency must balance the individual's personal privacy interest against the public need for the information for purposes of shedding light on the agency's performance of its statutory duties.

21.    FOIA Exemption 7(C), 5 U.S.C.§ 552(b)(7)(C), protects from disclosure information compiled for law enforcement purposes that could reasonably be considered an invasion of personal privacy and allows the withholding of information that identifies agency employees and third parties in law enforcement records. Because Exemption 7(C) pertains solely to law enforcement records, it provides a broader scope than Exemption 6 for the withholding of information that, if disclosed, could result in invasion of privacy interests.

22.    As a threshold matter, all three categories of records potentially sought by Plaintiff were compiled by ICE in the context of its investigation into suspected violations of federal immigration laws. Thus, the records regarding the subject alien in the POCR "file" were compiled in connection with the investigation of his immigration status and ICE's enforcement, detention, and removal actions concerning him. The records regarding the subject alien were also compiled in connection with the detention and removal efforts following a final order of removal. And, the records regarding ICE detainees subject to a

7

final order of removal were created to facilitate ICE's law enforcement functions. Accordingly, these records meet the threshold requirement in that they were compiled for law enforcement purposes.

23. As set forth in the *Vaughn* Index attached as Exh. B, ICE applied FOIA Exemptions 6 and 7(C) to protect from disclosure the names, phone numbers and e-mail addresses of law enforcement officers where they appear in the documents. ICE also applied Exemptions 6 and 7(C) to protect from disclosure the names, phone numbers, alien registration numbers, agency identification numbers, identifying aspects of the alien's case, (such as case history, chronology, employment prospects and history, education, and lists of convictions), of the alien who was the subject of the POCR review, pertaining to specific individuals who could be identified by the facts surrounding their specific cases, as well as information pertaining to third party individuals within the documents who were neither government employees nor subjects of the investigation.

24. Exemptions 6 and 7(C) were also applied to protect from disclosure the names, e-mail addresses and telephone numbers of government personnel. As agency employees carrying out actions that at times may be unpopular with certain segments of the public, these employees could be subject to harassment by members of the public who disagree with ICE's actions, which would result in interference with these employees' ability to perform their official duties. Specific knowledge of the identities of those employees would not provide additional insight as to how the agency has carried out its statutory mandates. ICE did not withhold the names or other personal information of high ranking agency officials, such as officials above the Enforcement and Removal Operations Field Office Director level.

25. The individuals' privacy interests, including both third parties and government personnel, in the information contained in these records outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on the agency's performance of its duties. Accordingly, this information was redacted because the personal privacy interests of these individuals outweigh the public interest in having this information disclosed.

C. **FOIA Exemption 7(E)**

26. FOIA Exemption 7(E), 5 U.S.C. § 552(b)(7)(E), permits the withholding of records or information compiled for law enforcement purposes to the extent that the production of such records or information would disclose techniques and procedures for law enforcement investigations or prosecutions to the extent that such disclosure could reasonably be expected to risk circumvention of the law.

27. As set forth in the *Vaughn* Index attached as Exh. B, ICE applied FOIA Exemption 7(E) to protect from disclosure investigative techniques and procedures concerning the factors considered in a POCR review, which, as a whole, indicate the procedure used in evaluating whether or not to continue detention. These factors are considered in the context of evaluation of 8 C.F.R. 241.14 (continued detention of removable aliens on account of special circumstances), failure to comply cases, judicial stays, pending Habeas Corpus proceedings, or pending Petitions For Review. Additional techniques and procedures withheld could include indications of whether or not there is FBI involvement, whether or not the case is subject to Joint Terrorism Task Force interest, and whether ICE evaluated factors of special circumstances of the alien. The disclosure of these techniques and practices could permit people seeking to violate immigration and customs laws and

9

regulations to circumvent the law by taking proactive steps to deceptively tailor their file, pending Court pleadings, and case circumstances to meet the criteria for a "favorable" POCR decision.

28. While it is generally known that ICE performs POCR reviews, the specific contents of that review, and what combination of factors result in a "favorable" review are not publically available and, if revealed, would provide individuals with information that could enable them to manipulate the process, thereby circumventing the law.

## V. SEGREGABILITY

29. FOIA requires that "[a]ny reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt." *See* 5 U.S.C. § 552(b).

30. I have reviewed each record line-by-line to identify information exempt from disclosure or for which a discretionary waiver of exemption could be applied.

31. With respect to the records that were released in part, all information not exempted from disclosure pursuant to the FOIA exemptions specified above was correctly segregated and non-exempt portions were released.

## VI. JURAT CLAUSE

32. I declare under penalty of perjury that the forgoing is true and correct to the best of my knowledge and belief.

Signed this 30th day of January, 2013.
Washington, District of Columbia

_____
Ryan Law, Deputy FOIA Officer
Freedom of Information Act Office
U.S. Department of Homeland Security
U.S. Immigration and Customs Enforcement
500 12th Street, S.W., Stop 5009
Washington, DC 20536-5009