American Civil Liberties Union v. DHS
11-cv-3786
Vaughn Index

| Entry No. | Bates No. | Document Date | Document Title | Document Description and Applicable Exemptions |
|---|---|---|---|---|
| 1. | 000001-000022 | Varies | All documents produced containing personally identifiable information ("PII") | Global exemption: This information is withheld pursuant to FOIA Exemptions (b)(6) and (b)(7)(C). The only exception to this global withholding is that high-level public officials' names are released.<br><br>The information exempt from disclosure under the FOIA consists of personally identifiable information including: names, signatures, telephone numbers, email addresses, and initials of ICE employees and other ICE personnel including Case Agents, Special Agents, Law Enforcement Parole Unit Employees, Agency Counsel, Legal Advisors, and other governmental employees (collectively referred to as "LEO"); PII of non –LEOs exempt under the FOIA consists of third party names, signatures, case-specific control office codes, fact patterns, and identifiers, A-numbers, unique statements, criminal histories, or immigration histories that could be used to identify an individual (such as dates of a pleading), and other personally identifiable information.<br><br>LEO PII is exempt under the FOIA because the disclosure of such sensitive PII contained in records that were compiled for law enforcement purposes to the public could subject law enforcement officers and other government personnel to harassing telephone calls and other unwarranted hostility which could disrupt and impede official law enforcement activity. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information.<br><br>Non-LEO PII is exempt under the FOIA because these records were compiled for the purposes of preparing for and executing a law enforcement operation. The third parties identified in the record have not consented to the disclosure of his/her personally identifiable information. The disclosure of third party information in association with the investigation at issue could constitute an unwarranted invasion of personal privacy and subject the individuals to embarrassment, harassment, and undue public attention. Moreover, the disclosure of this information could lead to identity theft. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information, and disclosure of such information would not shed light on ICE operations and activities. There is no public interest to be served by releasing the identities or other personally identifiable information of third parties. Finally, third parties identified in these records have not consented to the disclosure of their sensitive PII. |

American Civil Liberties Union v. DHS
11-cv-3786
Vaughn Index

| Entry No. | Bates No. | Document Date | Document Title | Document Description and Applicable Exemptions |
|---|---|---|---|---|
| 2. | 000001 | December 12, 2011 | HQ POCR Checklist for 241.4 Reviews | This information is pursuant to FOIA Exemption (b)(7)(E).<br><br>The information that is exempt under the FOIA consists of POCR Checklist responses as used to adjudicate POCR case files.  How law enforcement officers weigh the factors in conducting POCR reviews in a case is both a law enforcement technique and procedure.  The disclosure of these techniques and practices could permit people seeking to violate immigration and customs laws and regulations to circumvent the law by taking proactive steps to fraudulently qualify for the right combinations of factor adjudications to obtain a favorable adjudication on their POCR file.<br><br>Further, the factors that the agency considers are disclosed, but it is only the combination of factors in individual cases that has been withheld to prevent manipulation of the POCR review by individuals seeing patterns in POCR reviews.  Moreover the disclosure of this information serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. |
| 3. | 000006 | September 1, 2011 | Post Order Custody Review Worksheet | This information is pursuant to FOIA Exemption (b)(7)(E).<br><br>The information that is exempt under the FOIA consists of indicators of third agency or specialized task force involvement.  How law enforcement officers track third party or task force involvement in a case of interest is both a law enforcement technique and procedure.  The disclosure of these techniques and practices could permit people seeking to violate immigration and customs laws and regulations to circumvent the law by taking proactive steps to fraudulently qualify for the right combinations of factor adjudications to obtain a favorable adjudication on their POCR file.<br><br>Moreover the disclosure of this information serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. |

American Civil Liberties Union v. DHS
11-cv-3786
Vaughn Index

| Entry No. | Bates No. | Document Date | Document Title | Document Description and Applicable Exemptions |
|---|---|---|---|---|
| 4. | 000010-000011 | September 6, 2011 | Special Circumstances Concerns | This information is pursuant to FOIA Exemption (b)(7)(E).<br><br>The information that is exempt under the FOIA consists of POCR Special Circumstances Concerns responses and reviewer comments as used to adjudicate POCR case files. How law enforcement officers weigh the factors in conducting POCR reviews regarding continued detention in a case is both a law enforcement technique and procedure. The disclosure of these techniques and practices could permit people seeking to violate immigration and customs laws and regulations to circumvent the law by taking proactive steps to fraudulently avoid continued detention under 8 C.F.R. 241.14.<br><br>In this instance no law enforcement techniques or procedures are within the comments but they could be in other individual POCR "files" as such ICE is asserting this exemption here as a representative sample of information withheld in these types of documents.<br><br>Further, the factors that the agency considers are disclosed, but it is only the combination of factors in individual cases that has been withheld to prevent manipulation of the POCR review by individuals seeing patterns in POCR reviews. Moreover the disclosure of this information serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. |
| 5. | 000015 | December 14, 2011 | HQ POCR Checklist for 241.13 Reviews | This information is pursuant to FOIA Exemption (b)(7)(E).<br><br>The information that is exempt under the FOIA consists of National Security/Special Interest Case designators, and a checklist of contacts in the alternative the case is of National Security interest. The disclosure of these techniques and practices could permit people seeking to violate immigration and customs laws and regulations to circumvent the law by taking proactive steps to determine the agencies awareness of their involvement in National Security matters, and to fraudulently obtain a favorable adjudication on their POCR file.<br><br>Moreover the disclosure of this information serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. |

American Civil Liberties Union v. DHS
11-cv-3786
Vaughn Index

| Entry No. | Bates No. | Document Date | Document Title | Document Description and Applicable Exemptions |
|---|---|---|---|---|
| 6. | 000001, 000012, 000015, 000018, 000021 | December 12, 2009 | HQ POCR Checklist for 241.4 Reviews | This information is withheld pursuant to FOIA Exemption 5, deliberative process privilege.<br><br>The information that is exempt under the FOIA consists of deliberations regarding a specific case, actions taken to follow-up on consular actions or contacts and Headquarters response, and the implications on the review of the POCR file, including officer analyses and comments.<br><br>This information consists of matters weighed in adjudicating the POCR file, including the notes regarding the likelihood of the issuance of a transportation document. |
| 7. | 000007-000011 | September 1, 2011 | Institutional / Disciplinary Record | This information is withheld pursuant to FOIA Exemption 5, deliberative process privilege.<br><br>The information that is exempt under the FOIA consists of discussions at the interview or review of the detainee case file, including reviewer comments and travel documents/status history, ICE attempts to obtain travel documents and status, detainee factors, such as education, employment, medical/psychological concerns, general comments and analyses, and living circumstances that were deliberated in issuing the POCR adjudication.<br><br>In this instance no deliberative process, attorney client, or attorney work product information is listed but that type of information may be in other individual POCR "files" as such ICE is asserting this exemption here as a representative sample of information withheld in these types of documents.<br><br>This information consists of matters weighed in adjudicating the POCR file, including the interviewer's and reviewer's notes, comments, recommendations and discussions regarding the factors weighed during the interview in the POCR case file. |

<u>American Civil Liberties Union v. DHS</u>
11-cv-3786
Vaughn Index

| Entry No. | Bates No. | Document Date | Document Title | Document Description and Applicable Exemptions |
|---|---|---|---|---|
| 8. | 000022 | February 12, 2008 | Email between ICE HQ and a Deportation Officer | This information is withheld pursuant to FOIA Exemption 5, deliberative process privilege.<br><br>The information that is exempt under the FOIA consists of email communications between a Deportation Officer and HQ about factors being deliberated in the POCR review of a specific alien, including transportation documentation.<br><br>This information consists of case deliberations, and what factors are being weighed during the interview in the POCR case file, and what elements have not yet been completed.<br><br>In this instance no deliberative process, attorney client, or attorney work product information is listed but that type of information may be in other individual POCR "files" as such ICE is asserting this exemption here as a representative sample of information withheld in these types of documents. |