UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION; and<br><br>AMERICAN CIVIL LIBERTIES UNION FOUNDATION<br><br>                          Plaintiffs,<br>          v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY; and<br><br>U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT<br><br>                          Defendants. | ECF CASE<br><br>11-cv-3786 (RMB) |

## PLAINTIFFS' STATEMENT OF MATERIAL FACTS PURSUANT TO LOCAL RULE 56.1

Pursuant to Rule 56.1 of the Local Civil Rules of the United States District Court for the Southern District of New York, Plaintiffs state that there is no genuine issue to be tried with respect to the following facts:

1.  Plaintiff American Civil Liberties Union ("ACLU") is a nationwide, nonprofit, nonpartisan organization dedicated to the constitutional principles of liberty and equality and committed to holding the U.S. government accountable to principles of due process. The American Civil Liberties Union seeks to improve the quality of justice for all persons, including immigrants, and therefore has a keen interest in the just administration of our nation's immigration laws. Dkt. No. 11-cv-3786 (RMB), Complaint at ¶ 14, incorporated by the Declaration of Richard G. Leland, dated February 27, 2013 ("Leland Decl.").

2. The ACLU publishes newsletters, provides news briefings, and publishes and disseminates reports on civil liberties issues, right-to-know documents, and other materials to the public through its communications department. Dkt. No. 11-cv-3786 (RMB), Complaint at ¶ 14, incorporated by Leland Decl.

3. Plaintiff American Civil Liberties Union Foundation is a nonprofit organization that educates the public and employs lawyers who provide legal representation free of charge in cases involving civil liberties. Dkt. No. 11-cv-3786 (RMB), Complaint at ¶ 15, incorporated by Leland Decl.

4. Defendant U.S. Department of Homeland Security ("DHS") is a federal agency with responsibility for securing the nation's borders, in part by enforcing federal immigration laws. Dkt. No. 11-cv-3786 (RMB), Complaint at ¶ 17, incorporated by Leland Decl.

5. Defendant U.S. Immigration and Customs Enforcement ("ICE" and with DHS, the "Defendants") is an agency within DHS responsible for enforcing the nation's federal immigration and customs laws. Dkt. No. 11-cv-3786 (RMB), Complaint at ¶ 18, incorporated by Leland Decl.

6. In November 2001, the Department of Justice promulgated regulations to implement the holding in *Zadvydas v. Davis*, 533 U.S. 678 (2001) (*"Zadvydas"*), which held that indefinite immigration detention raises "serious constitutional concerns" and construed the post-final-order detention statute, 8 U.S.C. § 1231, to authorize detention for only the time reasonably necessary to effectuate removal—a period it presumed to be limited to six months. *See* 8 C.F.R. §§ 241.4, 241.13, 241.14.[1]

---

[1] *See also* Continued Detention of Aliens Subject to Final Orders of Removal, 66 Fed. Reg. 56967-01 (Nov. 14, 2001).

7. Independent observers and government oversight agencies have questioned whether ICE officials are complying with the Post-Order Custody Review procedures that were promulgated pursuant to *Zadvydas*, and providing meaningful review, impartially and on an individualized basis on whether to release or continue detaining immigrants. *See, e.g.,* General Accounting Office, *Immigration Enforcement: Better Data and Controls Are Needed to Assure Consistency with the Supreme Court Decision on Long-Term Alien Detention*, GAO-04-434, at 3-5 (May 2004) (finding that ICE's database could not identify the detainees entitled to a custody review and that ICE was possibly violating POCR regulations), Dkt. No. 11-cv-3786 (RMB), Complaint at Ex. B, incorporated by Leland Decl.; Dep't of Homeland Security Office of the Inspector General, *ICE's Compliance with Detention Limits for Aliens with a Final Order of Removal from the United States*, OIG-07-28 (Feb. 2007) (reporting on, inter alia, ICE's failure to provide custody reviews in a timely manner or at all in some cases; ICE's failure to provide sufficient guidance to its field officers with respect to compliance with the requirements established by the Supreme Court in *Zadvydas*; non-uniform practices across field offices; and ICE's ineffective oversight efforts), Dkt. No. 11-cv-3786 (RMB), Complaint at Ex. C, incorporated by Leland Decl.; Kathleen Glynn & Sarah Bronstein, *Systemic Problems Persist in U.S. ICE Custody Reviews for "Indefinite" Detainees*, at 1-2 (Catholic Legal Immigration Network, Inc. 2005) (reporting on ICE's poor record keeping, failure to conduct timely custody reviews, staff shortages, lack of communication with and faulty information provided to detainees, and non-uniform practices across field offices). Dkt. No. 11-cv-3786 (RMB), Complaint at Ex. D, incorporated by Leland Decl.

8. On January 13, 2009, Plaintiffs submitted a FOIA request to the Defendants for records related to the POCR Process (the "First FOIA Request"), requesting twelve categories of

8891917.1

records relating to detainees held for prolonged and indefinite periods of time ("Prolonged Immigration Detainees") as well as other information regarding the POCR process. Dkt. No. 11-cv-3786 (RMB), Complaint at Ex. A, incorporated by Leland Decl.

9. On September 21, 2010, the ACLU sent ICE a follow-up FOIA request for records related to nearly 6,000 Prolonged Immigration Detainees released from ICE Custody (the "Second FOIA Request"). Dkt. No. 11-cv-3786 (RMB), Complaint at Ex. L, incorporated by Leland Decl.

10. Also on September 21, 2010, the ACLU sent ICE an additional FOIA Request for records related to POCR (the "Third FOIA Request" and with the First FOIA Request and the Second FOIA Request, the "FOIA Requests") seeking up-to-date records similar to those requested in the First FOIA Request. Dkt. No. 11-cv-3786 (RMB), Complaint at Ex. T, incorporated by Leland Decl.

11. The Plaintiffs filed the Complaint in this action on June 3, 2011. Dkt. No. 11-cv-3786 (RMB), Complaint at ¶¶ 81-89, 97-104, 112-120, incorporated by Leland Decl.

12. The parties negotiated to narrow the breadth of the FOIA requests and such negotiations resulted in a Stipulation and Order of Settlement and Partial Dismissal ("Stipulation") dated September 6, 2012 which resolved all issues except those related to Plaintiffs' Second FOIA Request for the following documents: 90-day POCR notice; 90-day POCR decision; 180-day POCR notice; 180-day POCR decision; any other POCR notices or decisions; POCR worksheets; and Notices of Failure to Comply (the "POCR Documents"). The Court so-ordered the Stipulation and Order of Settlement on September 6, 2012 (Docket No. 21). *See* Ex. 1[2]

---

[2] "Ex." refers to exhibits attached to the Leland Decl.

4

13.     In the Stipulation and Order of Settlement dated September 6, 2012, the parties agreed that the Defendants would provide one sample POCR file ("POCR Sample") detailing the representative FOIA exemptions, along with an accompanying declaration and Vaughn Index, and that the parties would contest the Defendants' FOIA exemptions via summary judgment motions. *See* Ex. 1.

14.     The Defendants provided certain information, including spreadsheets, to the Plaintiffs via email per the Stipulation and Order of Settlement on November 13, 2012. *See* Leland Decl. at ¶ 11.

15.     The Defendants provided the representative POCR Sample, an accompanying declaration of Ryan Law ("Law Decl."), and the Vaughn Index to the Plaintiffs on January 30, 2013. *See* Ex. 2; Ex. 3; Ex. 4.

Dated: New York, New York
February 27, 2013

                FRIED, FRANK, HARRIS, SHRIVER
                  & JACOBSON LLP

By: /s/ Richard G. Leland
Richard G. Leland
Jennifer L. Colyer
Richard C. Tisdale

One New York Plaza
New York, New York 10004-1980
(212) 859-8000
richard.leland@friedfrank.com
jennifer.colyer@friedfrank.com
richard.tisdale@friedfrank.com

*Attorneys for Plaintiffs*

6

8891917.1