

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*86 Chambers Street, 3rd floor*
*New York, New York 10007*

December 24, 2013

<u>VIA ECF</u>
The Honorable Richard M. Berman
United States District Judge
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

      Re:    <u>American Civil Liberties Union, et al. v. Dep't of Homeland Sec., et al., Case No. 11-cv-3786 (RMB)</u>

Dear Judge Berman:

      This office represents the Government in the above-captioned Freedom of Information Act lawsuit.  We write respectfully to request a pre-motion conference regarding the Government's forthcoming motion for relief from the Court's Order dated September 9, 2013 (the "September 9 Order") pursuant to Fed. R. Civ. P. 60(b)(1)&(6) and 62.1(a).  The September 9 Order gave the Government just 55 days to produce documents from more than 22,000 individual A-files—despite the Stipulation entered by the Court in 2012, which explicitly contemplated that the Government would produce only a sample of those records on a reasonable timetable to be negotiated by the parties or determined by the Court after the Government had had an opportunity to be heard.  Simply put, the Government cannot possibly comply with the production deadline in the September 9 Order, which is premised on a mistaken understanding of the 2012 Stipulation and contrary to the interests of justice.

Hon. Richard M. Berman
December 25, 2013
Page 2

      The parties have always agreed, and continue to agree, that the Government should produce only a *sample* of the requested records.  *See* Plaintiffs' "Proposed Sample Criteria," Exh. D to Tan Decl., dated November 21, 2013 (Dkt. No. 57-5).  The parties dispute only the size of that sample and how rapidly it can be produced.  Under the 2012 Stipulation, the parties were to negotiate (or, in the event of an impasse, the Court was to determine) an appropriate sample size and a reasonable timetable for production of the sample.  The Government explicitly reserved—and the Court granted—a right under the Stipulation to assert that the "scope and size of the production requested by Plaintiffs is unduly burdensome."  Pursuant to the Court's September 9 Order however, the Government is being required to produce the entire universe of requested records---without any opportunity to propose a reasonable sample size and production timetable, or to demonstrate the burden that producing the larger universe of records would pose.

      As the Government will demonstrate in its motion, ICE cannot possibly comply with the September 9 Order given the enormous size of the production and the limited agency resources currently available.  Nor is it necessary to produce the entire universe of records requested (or even the narrower universe proposed by Plaintiffs) in order to yield a statistically reliable sample.  Rather, the Government will show that, applying the "proposed sample criteria" suggested by Plaintiffs (and interpreting ambiguities in those criteria in favor of Plaintiffs), a sample size of 385 files will produce a statistically reliable result.  Given the agency's resource constraints, ICE estimates that it can obtain, review, manually process and produce this sample within 15 months, with rolling releases

Hon. Richard M. Berman
December 25, 2013
Page 3

within eight weeks of a revised order, and with the expectation of updating the Court and the Plaintiffs if additional time is needed.

Under Rule 60(b), the Court may grant relief for reasons of "mistake" or "inadvertence," and whenever justice requires. Fed. R. Civ. P. 60(b)(1), (6); *DeWeerth v. Baldinger*, 38 F.3d 1266, 1272 (2d Cir.1994). Here, it is not feasible for the Government to comply with the Court's Order to produce all 22,000 records on a timely basis, and the parties agree that the 2012 Stipulation requires production of only a sample of records. Because the Order is based upon a mistaken reading of the Stipulation, and subjects the Government to a production deadline with which it cannot comply, relief is warranted under Rule 60(b)(1) and (6). (Because an appeal of the Court's Order is pending, the Government's motion requests that the Court issue an indicative ruling that the Court would grant the motion if the Court of Appeals remanded for that purpose.)

The timing of this letter is due solely to the Government's perceived need to seek relief from the Court within five business days of the Court's December 19, 2013 Decision and Order, which denied the Government's motion for a stay pending appeal. Dkt. No. 58; *see also* Dkt. No. 52 (extending interim stay to five business days following Court's denial of motion). The Court's Individual Practices allow Plaintiffs three business days to respond to this letter. Given the impending holiday, however, the Government has no objection to any reasonable request by Plaintiffs for additional time to respond to this letter.[1] Due to the exigent circumstances—the Government's need to seek relief from the Court's September 9 Order by December 27—the Government has

---

[1] The undersigned is travelling December 27, 30, and 31, 2013, and if a pre-motion conference is needed, respectfully requests that it not be scheduled for those dates.

Hon. Richard M. Berman
December 25, 2013
Page 4

attached a copy of its proposed motion and supporting declarations to this pre-motion conference letter.

    We thank the Court for its consideration of this request.

                        Respectfully,

                        PREET BHARARA
                        United States Attorney

By:    */s/ Louis A. Pellegrino*
        LOUIS A. PELLEGRINO
        Assistant United States Attorney
        86 Chambers Street, 3rd Floor
        New York, New York 10007
        Tel:    212-637-2689
        Fax:    212-637-2686

Enclosures:
    Notice of Motion
    Memorandum of Law
    Declaration of Louis A. Pellegrino
    Second Declaration of Jeremy Thompson
    Declaration of Leonard A. Cupingood
    Declaration of Catrina Pavlik-Keenan

cc:    *Counsel for Plaintiffs* (via ECF; letter only by email)